Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff in error brought replevin for sundry slaves, and in support of his right to recover, introduced a deed made by James Hurst, which conveyed the slaves to the plaintiff as trustee to secure a debt due to Enloe. The title of the grantor was not controverted, but as a defence the defendant relied upon a settlement or compromise, entered into between Enloe the cestui que trust, and Hurst the grantor, which it is said discharged and extinguished the deed of trust, and vested the legal title to the slaves in Enloe, who should have been the plaintiff in the action, instead of Fultz, the trustee. The only question which it is material to consider, arises out of a charge given by the court at the request of defendant’s counsel, in reference to the effect of this settlement.
It would seem that after the execution of the deed of trust, lawsuits had originated between Enloe and Hurst, in regard to this same property, and out of the original conveyance of it by Enloe to Hurst. The agreement of compromise was introduced by the defendant, and the court permitted it to be read, notwithstanding the objection of the plaintiff. The court then charged the jury, that if they believed Enloe had entered into an agreement with Hurst to release the deed of trust, and if the agreement between them was truly set forth in the article bearing date the 10th of December, 1842, then such release discharged the trust deed, vested the legal title in Enloe, and the plaintiff could not maintain this action. The propriety of this instruction depends upon the nature of the agreement.
It bears date the 10th of December, 1842, and professes to be an agreement to compromise a suit in chancery, instituted by Hurst against Enloe and others. Hurst was to pay certain judgments against Enloe; to return a negro man named Solomon, previously sold by Enloe to Hurst, or to substitute one as *410 valuable in his place, and to return and redeliver to Enloe all the other negroes and their increase, on the 25th of December, 1843. One of the negroes, however, was to be delivered forthwith. Enloe was to release the deed of trust given for his benefit by Hurst, so far as it related to two hundred and thirty-seven acres of land, to deliver up all the notes which had been given by Hurst except one, under which one, or for the satisfaction thereof, all the land except that agreed to be released, was to be sold by the trustees. At the end of this agreement there is this clause, to wit: “ whenever the above stipulations of compromise are complied with, it is to be a full settlement of all debts and demands of either party against the other, and a full release, either in law or in equity.”
We gather from the history of this transaction, as disclosed by the record, that the property conveyed in the deed of trust had been sold by Enloe to Hurst, and that the deed of trust had been given to secure the payment of the purchase-money. The legal title vested in the trustee. Passing over the question as to the power of the trustee to make a release, which would be sufficient in a court of law to change the legal title, it is perfectly manifest that the instrument was not intended to have that effect, without a compliance with its conditions on the part of Hurst. It was a compromise to take effect on the 25th of December, 1843, and then only on condition that Hurst should do what he had agreed to do, deliver up the negroes. This delivery constituted the consideration, the essence of the agreement. It was the inducement to the compromise. The last clause constitutes a condition precedent, that the settlement and release were only to take effect, when the stipulations of the compromise were complied with. The general rule here applies that he who wishes to avail himself of a contract containing conditions precedent on his part to be performed, in pleading' must plead performance, and in making proof must prove performance. This contract1 was executory and conditional. Enloe had nothing to do but to deliver up the notes, and this he was not bound to do until Hurst delivered or tendered the *411 negroes. The charge then was predicated on a misconception of the legal effect of the contract of compromise. It was only an agreement to release the deed of trust upon condition to be performed by Hurst, and not a present release.
The judgment must be reversed and the cause remanded.